**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LARRY MOORER,

                        Petitioner,                 Case Number: 2:14-12463
                                                  HONORABLE GERALD E. ROSEN

v.

O.T. WINN,

                        Respondent.

_____/

**<u>OPINION AND ORDER OF DISMISSAL WITHOUT PREJUDICE</u>**

This matter is before the Court on Larry Moorer's "Motion for Reconsideration."

Moorer is in the custody of the Michigan Department of Corrections pursuant to

convictions for first-degree murder and felony firearm.  His motion for reconsideration

concerns alleged discovery violations during state court criminal proceedings.  Moorer's

motion fails to comply with Federal Rule of Civil Procedure 3 or Rule 2(c) and (d), Rules

Governing Section 2254 Cases in the United States District Courts.  The matter, therefore,

will be dismissed.

**I.**

Upon the filing of a habeas corpus petition, the Court must promptly examine the

petition to determine "if it plainly appears from the face of the petition and any exhibits

annexed to it that the petitioner is not entitled to relief."  Rule 4, Rules Governing Section

2254 cases.  If the Court determines that the petitioner is not entitled to relief, the Court

shall summarily dismiss the petition.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994)

("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").  A petition may be summarily dismissed where the allegations are so "vague (or) conclusory" that they do not "point to a real possibility of constitutional error." *Blackledge v. Allison*, 431 U.S. 63, 76 (1977) (internal citations omitted).  "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (internal citations omitted). *See also Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) ("A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.").

## II.

The pending motion will be dismissed for failure to comply with Federal Rule of Civil Procedure 3 and Rule 2, Rules Governing Section 2254 Cases.  Federal Rule of Civil Procedure 3 explains that "[a] civil action is commenced by filing a complaint." Fed. R. Civ. P. 3.  The Supreme Court has held that, "[t]he logical conclusion, therefore, is that a habeas suit begins with the filing of an application for habeas corpus relief – the equivalent of a complaint in an ordinary civil case. *Woodford v. Garceau*, 538 U.S. 202, 208 (2003).  Furthermore, Rule 2(c) and (d) of the Rules Governing Section 2254 Cases provides that an application for writ of habeas corpus shall be in the form of a petition which specifies each ground for relief.

Moorer's motion is not in the form of a habeas petition.  It is not clear regarding what order he seeks reconsideration.  The Court declines to construe the motion as a petition for habeas corpus relief.  Moorer may want to assert additional or different claims for relief in a habeas corpus petition than those contained in this filing.  If the Court construes the filing as a habeas petition, the filing of a second or successive habeas petition[1] is foreclosed unless Moorer obtains advance approval for the filing from the Sixth Circuit Court of Appeals.  28 U.S.C. § 2244(b).  If Moorer is so inclined, he may re-file this matter as a petition for habeas corpus relief.  The Court will dismiss the motion without prejudice.

## III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S. Ct.

---

[1]  Moorer previously filed a habeas corpus petition in December 2005.  *See Moorer v. Jackson*, No. 05-74024. That petition was denied on March 17, 2008.  *See id*., Dkt. # 28.  Moorer appealed that denial to the Sixth Circuit.  *Id.,* Dkt. # 30.  The Sixth Circuit dismissed the appeal, *id.*, Dkt. # 33, and the Supreme Court denied certiorari.  *Id.,* Dkt. # 39.

1595, 1603-04 (2000) (citation omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the motion should be summarily dismissed without prejudice. Therefore, the Court denies a certificate of appealability.

## IV.

For the foregoing reasons, IT IS ORDERED that the "Motion for Reconsideration" [dkt. # 1] is DISMISSED WITHOUT PREJUDICE.

It is further ORDERED that a certificate of appealability is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  July 3, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 3, 2014, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

4